712 A.2d 210

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. RAYMOND KORKOWSKI, DEFENDANT–
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued telephonically on May 12, 1998––Decided June 11, 1998.

430

Before Judges BAIME, WEFING and BRAITHWAITE.

*John J. Mercun,* Special Deputy Attorney General, argued the cause for appellant (*Peter Verniero,* Attorney General, attorney; *Mr. Mercum* and *Nancy L. Faust,* Deputy Attorney General, on the brief).

*Dennis J. Haag* argued the cause for respondent.

The opinion of the court was delivered by

BRAITHWAITE, J.A.D.

The State appeals, by leave granted, from an interlocutory order granting defendant's motion to preclude the State from using defendant's grand jury "testimony and evidence derived therefrom" in prosecuting defendant for official misconduct and conspiracy. *See N.J.S.A.* 2A:81–17.2a2. On appeal, the State contends:

POINT I

DEFENDANT RAYMOND KORKOWSKI FAILED TO CLAIM THE PRIVI-LEGE AGAINST SELF–INCRIMINATION AS REQUIRED BY *N.J.S.A.* 2A:81–17.2a2 IN ORDER TO BE AFFORDED THE IMMUNITY PROTECTION PROVIDED BY THE STATUTE.

POINT II

THE IMMUNITY PROVISIONS OF *N.J.S.A.* 2A:81–17.2a2 PROTECT ONLY TARGET EMPLOYEES COMPELLED TO TESTIFY BY THIS STATUTE. DEFENDANT KORKOWSKI FAILED TO DEMONSTRATE THAT HE WAS A PUBLIC—EMPLOYEE—TARGET OF THE GRAND JURY'S INVESTIGATION.

We agree with the State and therefore reverse and remand for a determination of whether defendant was a target of the grand jury investigation.

I

The facts from the record can be succinctly stated. An Ocean County grand jury began a "special investigation" of certain activities of the Brick Township Building Department. Defendant was the Acting Construction Official for the Township.

On June 19, 1996, defendant testified before the grand jury pursuant to a subpoena issued by the Ocean County Prosecutor. Thereafter, certain other witnesses testified and other evidence was obtained that led the prosecutor to question the veracity of defendant's grand jury testimony. He was recalled before the grand jury on August 22, 1996. Prior to his testimony, he was interviewed by law enforcement personnel. Based on the interview and the evidence previously presented to the grand jury, defendant was advised that it would not be in his best interest to testify and that he should consult with an attorney.

Thereafter, on September 30, 1996, the grand jury indicted defendant for conspiracy to commit official misconduct and tampering with public records or information, *N.J.S.A.* 2C:2–6, *N.J.S.A.* 2C:30–2 and *N.J.S.A.* 2C:28–7a(2); and official misconduct, *N.J.S.A.* 2C:30–2.

Defendant moved to suppress "all of the evidence and testimony" that he provided to the grand jury on June 19, 1996, "as well as the use and fruits thereof." In support of his motion he argued that he was not advised of his right to remain silent and his right to counsel and that he was not given his rights pursuant to "the New Jersey Public Employees Immunity Act, *N.J.S.A.* 2A:81–17.2a1 *et seq.*" The State opposed the motion, and following oral

argument the motion judge granted defendant's application. The State moved for leave to appeal, which we granted.

## II

As a public official, defendant had "to appear and testify upon matters directly related to the conduct of his office, position or employment before any ... grand jury." *N.J.S.A.* 2A:81–17.2a1. If he failed to appear or refused to appear and testify "after having been informed of his duty to appear and testify" he was "subject to removal from his office, position or employment." *Ibid.*

Defendant, however, could have asserted his privilege against self-incrimination and testified. *N.J.S.A.* 2A:81–17.2a2 provides as follows:

> If any public employee, having claimed the privilege against self-incrimination, testifies before any court, grand jury or the State Commission of Investigation after having been informed that his failure to appear and testify would subject him to removal from his office, position or employment, such testimony and the evidence derived therefrom shall not be used against such public employee in a subsequent criminal proceeding under the laws of this State; provided that no such public employee shall be exempt from prosecution or punishment for perjury or false swearing committed while so testifying.

It is against this statutory framework that we consider the State's appeal. It contends that the judge erred in granting defendant immunity pursuant to the statute because he failed to assert his privilege against self-incrimination. The State also claims that the immunity provision only protects a target public employee and that defendant has failed to show that he was a target of the grand jury investigation when he testified on June 19, 1996.

In granting defendant's motion the judge stated:

> It's conceded by the State in this case that Mr. Korkowski was not given any cautions with regard to *N.J.S.A.* 2A:81–17.2a2, which provides as a public employee he's compelled to appear and give testimony before any inquiring agency or authority, particularly, in this case, the grand jury, and that if he failed to do so, he would be subject to dismissal. He further was not advised of his right to self-incrimination.

But I find as a matter of law I don't have to reach the issue as to whether Mr. Korkowski was a target of the grand jury inquiry. There's been some argument back and forth between counsel and in the memoranda that he was a target.

Mr. Mercun says at the time of the request for Mr. Korkowski to be interviewed by Detective Kenny initially and Agent or Investigator Donohue, he wasn't a target. When he came to the grand jury, he wasn't a target. This was a general inquiry. We didn't know he would be indicted or he would be a principal defendant until way later.

I find as a matter of fact that it's not important that he was a target. And as a matter of law, the Supreme Court in *Vinegra* says clearly that the Statute, when you're dealing with a public employee, it changes the target doctrine and it's not necessary that he be a target. He's got to testify and he's cloaked with immunity. I find it's of very little import that he wasn't advised of those rights prior to his testimony.

I find as a matter of law that the use immunity that is proposed by this statute is self-executing, and that his testimony may not be used against him, and any of the evidence that was derived as a result of his own testimony may not be used against him.

We are satisfied that the judge erred in finding that "the use immunity that is proposed by this statute is self-executing." His reliance on *State v. Vinegra*, 73 *N.J.* 484, 376 *A.*2d 150 (1977), in reaching this conclusion is misplaced. The *Vinegra* Court interpreted *N.J.S.A.* 2A:81–17.2a2 when the statute provided in pertinent part that "if any public employee ... testifies before any ... grand jury ... such testimony and the evidence derived therefrom shall not be used against such public employee in a subsequent criminal proceeding under the laws of this State." *State v. Vinegra, supra,* 73 *N.J.* at 487, 376 *A.*2d 150. The statute at that time granted immunity whenever a public employee testified, without requiring the employee to assert the privilege against self-incrimination. *Ibid.* Therefore, the Court agreed with the Appellate Division that the statute was "self-executing." *Ibid.*

The statute, however, was subsequently amended so that the grant of immunity was limited to those situations where a public employee testifies "after having first claimed the privilege against self-incrimination and having then been informed that his failure to appear and testify will subject him to removal from his office, position or employment." *Id.* at 487, 376 *A.*2d 150 n. 1. We are satisfied that the amended statute is no longer "self-executing"

and that a public employee must claim the privilege against self-incrimination to receive immunity under the statute.

■ Furthermore, because a public employee has a statutory duty to appear and testify about matters directly related to his employment, in those situations where the employee is not a target of the investigation, he does not have to be advised of the consequences of his failure to appear until he fails to appear and testify. It is only when the employee fails or refuses to appear and testify that he must be told that removal from office or termination from employment is the consequence of a refusal or failure to testify. To construe the statute otherwise would mean that every public employee witness, including law enforcement officials, would have to be advised of the consequences of the failure to appear and testify before a grand jury. We do not perceive that the Legislature intended such a result.

The statutory scheme was enacted in response to the United States Supreme Court's decision in *Gardner v. Broderick*, 392 *U.S.* 273, 88 *S.Ct.* 1913, 20 *L. Ed.*2d 1082 (1968). There, Gardner, a New York City Policeman, was dismissed from his position because he "refused to waive his privilege against self-incrimination." *Id.* at 274, 88 *S.Ct.* at 1914, 20 *L. Ed.*2d at 1084. A grand jury proposed to examine him concerning the performance of his official duties. *Ibid.* He was advised of his privilege against self-incrimination, but was asked to sign a waiver of immunity, after being told that he would be terminated if he refused to sign. *Ibid.* (footnote omitted). Following his refusal to sign a waiver, he was discharged. *Id.* at 275, 88 *S.Ct.* at 1914, 20 *L. Ed.*2d at 1084–85. The Supreme Court reversed Gardner's dismissal holding that "the great privilege against self-incrimination does not tolerate the attempt, regardless of its ultimate effectiveness, to coerce a waiver of the immunity it confers on penalty of the loss of employment." *Id.* at 279, 88 *S.Ct.* at 1916, 20 *L. Ed.*2d at 1087.

In reaching its decision, the Supreme Court observed that:

If appellant, a policeman, had refused to answer questions specifically, directly, and narrowly relating to the performance of his official duties, without being required

to waive his immunity with respect to the use of his answers or the fruits thereof in a criminal prosecution of himself, the privilege against self-incrimination would not have been a bar to his dismissal.

[*Id.* at 278, 88 *S.Ct.* at 1916, 20 *L. Ed.*2d at 1086–87 (citation and footnote omitted).]

Based on the above language, our Legislature enacted *N.J.S.A.* 2A:81–17.2a2 to address those situations where a public employee is subpoenaed to give testimony before a grand jury related to the conduct of his office. To obtain the immunity granted by the statute, however, he or she must assert the privilege against self-incrimination. *Ibid.*

### III

In point II, the State argues that the grant of immunity under *N.J.S.A.* 2A:81–17.2a2 only applies to public employees who are targets of the grand jury investigation. We agree.

When a witness appears before a grand jury, as a general rule, he does not have the status of a defendant in a criminal trial and it is not required that he be informed of the privilege against compulsory self-incrimination. The failure to warn such a witness of his right to refuse to answer incriminating questions has a bearing on the matter of invasion of his privilege, only if the witness was under formal criminal charges at the time and was questioned as to the charges, or, though not under formal charges, the grand jury proceeding was not a general inquiry but one directed at the witness with the object of returning an indictment against him.

[*State v. Vinegra, supra,* 73 *N.J.* at 488, 376 *A.*2d 150 (citation omitted).]

If the target of the grand jury proceeding is not advised that he is a target and of his right not to incriminate himself, any indictment based on his testimony must be dismissed. *In re Addonizio,* 53 *N.J.* 107, 117, 248 *A.*2d 531 (1968); *State v. DeCola,* 33 *N.J.* 335, 341–44, 164 *A.*2d 729 (1960); *State v. Browning,* 19 *N.J.* 424, 427, 117 *A.*2d 505 (1955); *State v. Fary,* 19 *N.J.* 431, 437–38, 117 *A.*2d 499 (1955).

*N.J.S.A.* 2A:81–17.2a2 has modified the "target doctrine" as it pertains to public employees. *State v. Vinegra, supra,* 73 *N.J.* at 489, 376 *A.*2d 150. Dismissal of the indictment is not the relief granted to such a defendant. Rather, any such defendant is now granted immunity with regard to "such testimony and the evi-

dence derived therefrom" if he asserts his privilege against self-incrimination and then testifies because of fear of losing his employment. *Ibid.; N.J.S.A.* 2A:81-17.2a2.

> This statute has the effect of making the target doctrine inapplicable to a public employee insofar as it imposes a duty on him to testify upon matters directly related to the conduct of his office. At the same time it seeks to protect his privilege against self-incrimination by giving him the use and fruits immunity. . . .
>
> [*State v. Vinegra, supra,* 73 *N.J.* at 489, 376 *A.*2d 150.]

The statute has not done away with the requirement that a public employee must be a target to be granted use and fruits immunity.

█ Moreover, a target public employee must be warned of his right to assert the privilege against self-incrimination, so that he may do so, in order to obtain the immunity granted by the statute. "[A] person whose criminal liability is the object of a grand jury inquiry must be informed of his privilege to withhold evidence tending to his own incrimination." *State v. DeCola, supra,* 33 *N.J.* at 342, 164 *A.*2d 729. The statute under review makes this requirement even clearer because in order to obtain the grant of immunity, the public employee must claim "the privilege against self-incrimination," and then testify, after being informed of the consequences of refusing to testify.

## IV

Our Supreme Court in *Vinegra, supra,* determined that public employees must testify as to those matters directly related to the conduct of their office and that the grant of immunity was "self-executing." During the pendency of *Vinegra, supra,* the Legislature amended the statute so that the grant of immunity was limited to those situations where the public employee testifies after first claiming the privilege against self-incrimination. The effect of the amendment was to resurrect the need to provide warnings to public employees who are targets of the grand jury so that the employees can exercise their privilege against self-incrimination, and the prosecutor can determine whether to grant use and fruits immunity. Should the prosecutor grant immunity, the employee must testify or lose his employment.

Here, whether defendant is entitled to the immunity granted by the statute turns on whether he was a target of the grand jury investigation when he testified on June 19, 1996. The State asserts that he was not. Defendant claims that he was a target under the guise of a general investigation. We are unable to resolve this factual determination on this record, and the motion judge erroneously decided that it was unnecessary for him to resolve the question. Accordingly, we remand for an evidentiary hearing to determine if defendant was a target of the grand jury investigation. *See State v. Fary, supra,* 19 *N.J.* at 438–39, 117 *A.*2d 499. If he was a target, then he is entitled to the immunity provided by *N.J.S.A.* 2A:81–17.2a2. If after the hearing, the judge finds that defendant was not a target of the grand jury, then defendant is not entitled to the statutory immunity.

Reversed and remanded for further proceedings consistent with this opinion.